CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 27 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:13CR00010 |
| | ) | (Civil Action No. 7:15CV80831) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CHARLES ANTHONY WILSON, JR., | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

Charles Anthony Wilson, Jr., a federal inmate proceeding pro se, has moved to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255. The government has filed a motion to dismiss, making this matter ripe for consideration. Upon review of the record, the court concludes that the government's motion to dismiss must be granted and Wilson's § 2255 motion dismissed.

I.

On January 24, 2013, a grand jury charged Wilson in a six-count indictment with: (1) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count One"); (2) knowingly and intentionally distributing a mixture and substance containing a detectible amount of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(D) ("Count Two"); (3) knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Three"); (4) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count Four"); knowingly possessing an unregistered shotgun with a barrel length of 18 inches, in violation of 26 U.S.C. § 5861(d) and 5845 ("Count Five"); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count Six").

Wilson pleaded guilty to Counts Three and Five, and the government agreed to dismiss the remaining charges, pursuant to a written plea agreement. At the guilty plea colloquy, Wilson affirmed that he had had an adequate opportunity to read and discuss the plea agreement with counsel, that he understood the plea agreement, and that no one had forced him or made any promises to cause him to plead guilty. (Plea Hr'g Tr. at 7, 19, ECF No. 70.) Wilson further affirmed that he was "satisfied with all the services afforded [him] by [his counsel]." (Id. at 47.) Wilson affirmed that he understood the elements of the offenses for which he was charged, and the evidence the government would have to show in order for a jury to find him guilty. (Id. at 12-13.) Wilson stated that he understood that for Count Three, he faced a mandatory minimum sentence of five years and a maximum of life in prison and for Count Five, he faced a maximum of ten years in prison. (Id. at 13-14) He also acknowledged his understanding that the sentences would run consecutively. (Id. at 14.) Wilson stated that he understood that he was waiving his right to appeal and collaterally attack his plea and sentence, other than that allowed by law. (Id. at 19-20.)

An Assistant United States Attorney ("AUSA") provided a summary of the evidence against Wilson. She said that on two separate occasions, a confidential informant made a controlled purchase of an unregistered firearm from Wilson, one of which was a sawed-off shotgun. (Id. at 43.) At a third meeting, the confidential informant bought 9.2 grams of marijuana and a handgun from Wilson. (Id. at 42.) The AUSA noted that Wilson had been convicted of multiple felony offenses and did not legally have the right to possess a firearm. Wilson stated that he agreed with the summary of evidence presented against him and pleaded guilty to both Counts Three and Five. (Id. at 46, 49.)

The court then found that Wilson was "fully competent and capable of entering an informed plea" and that his pleas of guilty were knowing and voluntary and supported by an independent basis in fact. (Id. at 49-50.) Therefore, the court accepted Wilson's pleas. (Id. at 50.)

On June 26, 2014, the court sentenced Wilson to 60 months' imprisonment on Count Three and 37 months' imprisonment on Count Five, to run consecutively. It dismissed the remaining counts in the indictment. Wilson did not appeal.

In his § 2255 motion, Wilson argues that counsel provided ineffective assistance by failing (1) to object to Count Three because he did not have the "mens rea" required for a conviction of possessing a firearm in furtherance of a drug trafficking crime; (2) to review discovery materials; and (3) to object to "cumulative errors."

## II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Wilson bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted; "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Id. at 686.

3

To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. Id. at 687. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Strickland, 466 U.S. at 689, 690.

To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. When a defendant pleads guilty, he must show that there is a reasonable probability that, but for counsel's errors, he would have gone to trial instead. Hill v. Lockhart, 474 U.S. 52, 59, (1985). The inquiry is objective: a defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010). Failure of proof on either Strickland prong ends the matter. United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

### 1. Objection to § 924(c) charge

Wilson argues that his counsel provided deficient performance by failing to object to Count Three, possessing a firearm in furtherance of a drug trafficking crime. Specifically, he claims that he did not have the "mens rea" necessary for a conviction because there was no evidence "that the firearm was used to promote or even protect the minimal quantity of marijuana in the alleged count." (§ 2255 Mot. at 4, ECF No. 65.)

4

Wilson admits that he sold "a firearm and a small quantity of marijuana that was packaged together in the same bag," to a confidential informant. (Id.) The Fourth Circuit has established that "[s]elling guns and drugs in the same transaction constitutes 'use' of [a] firearm in the context of § 924(c)." United States v. Latham, 578 F. App'x 312, 315 (4th Cir. 2014) (unpublished); United States v. Lipford, 2013 F.3d 259, 267 (4th Cir. 2000) (concluding that when a drug buyer also requests to purchase a firearm, "the firearm facilitate[d] the drug transaction"). Because Wilson was properly charged with a § 924(c) violation, counsel's failure to challenge that charge was neither improper nor prejudicial. See Knowles v. Mirzayance, 556 U.S. 11 (2009) (noting that counsel does not provide ineffective assistance for failing to raise an issue that has no reasonable probability of prevailing); Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987) (noting that counsel was not deficient for failing to make a motion when there was no obvious basis for the motion).

Moreover, Wilson admitted at his plea colloquy that he understood the charges he faced, that he agreed with the evidence that the government presented against him, and that he wanted to plead guilty because he was, in fact, guilty of Count Three. Absent clear and convincing evidence to the contrary, Wilson is bound by his representations at the plea hearing. See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (holding that absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false"). Accordingly, Wilson cannot successfully argue that he did not understand the elements necessary to support a conviction for possession of a firearm in furtherance of a drug trafficking crime. Because he has not pointed to any evidence either of

5

deficient performance or prejudice with regard to counsel's failure to challenge Count Three, this claim is unavailing. Strickland, 466 U.S. 687.

Wilson argues that counsel failed to "object to and properly appeal" his § 924(c) conviction. However, he does not unequivocally assert that he asked counsel to note an appeal. It is well established that "a lawyer who disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). "[A]n attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal . . . ." United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007). However, a defendant must affirmatively assert such a claim for the court to consider it. Conclusory allegations do not entitle a defendant to an evidentiary hearing or relief. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), overruled on other grounds by Gray v. Netherland, 518 U.S. 152, 165-66 (1996) (noting that "[u]nsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing"). Wilson's mere mention of the words failure to "properly appeal," in the context of a claim focused on whether counsel improperly advised him to plead guilty to the 924(c) charge, does not provide the type of factual detail necessary to support a claim for failure to note an appeal. Accordingly, there is no need for an evidentiary hearing to further explore this issue. Id.

**2. Discovery**

Wilson also argues that counsel neither reviewed the discovery against him, nor gave him an opportunity to review it. In his pleading, Wilson admits that discovery "may or may not have existed." (§ 2255 Mot. at 4, ECF No. 65.) Wilson fails to specify the content of the potential discovery that allegedly was kept from him. This kind of conclusory allegation does not support

6

relief under § 2255. United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (noting that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court") (internal quotation marks omitted).

Moreover, in his plea colloquy, Wilson affirmed that he was satisfied with counsel's representation and specifically, with "his ability as an advocate to go to the government and collect all the evidence that it has against you, to consider and determine if there's any basis to defend these charges." (Plea Hr'g Tr. at 47, ECF No. 70.) Wilson cannot successfully contradict the statements he made at his plea colloquy in his current motion. Lemaster, 403 F.3d at 221. Therefore, Wilson has not shown that counsel provided deficient representation or that he was prejudiced by counsel's conduct. Strickland, 466 U.S. at 687.

### 3. Cumulative Errors

Finally, Wilson argues that counsel was ineffective for failing to object to and appeal "the cumulative effects of the multiple errors in this case." (§ 2255 Mot. at 6, ECF No. 65.) Wilson argues that the cumulative errors are the two that he has already raised, failure to object to the § 924(g) charge and failure to review discovery. Claims of ineffective assistance of counsel, however, "must be reviewed individually, rather than collectively." Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir. 1998). Even if the court were to review the claimed errors in conjunction, relief would not be appropriate. "When none of the individual rulings work any cognizable harm, it necessarily follows that the cumulative error doctrine finds no foothold." United States v. Basham, 561 F.3d 302, 330 (4th Cir. 2009) (internal quotation marks omitted). Because Wilson has failed to establish either deficient representation or resulting prejudice, this claim, too, must fail. Strickland, 466 U.S. 687.

## III.

For the reasons stated herein, the court will grant the government's motion to dismiss. An appropriate order will be entered this day.

**ENTER:** This 27th day of May, 2016.

／s／ Glen E. Conrad
Chief United States District Judge